**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DAVID J. VOACOLO, | : | | |
| Plaintiff, | : | Civil Action No.: | 16-1324 (RC) |
| v. | : | Re Document No.: | 13, 14 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | : | | |
| Defendants. | : | | |

# MEMORANDUM & ORDER

## GRANTING DEFENDANTS' MOTIONS TO DISMISS

## I. INTRODUCTION

Plaintiff David J. Voacolo brings this case against the Federal National Mortgage Association ("Fannie Mae"), the Federal Housing Finance Authority ("FHFA"), and the United States Department of the Treasury. Mr. Voacolo alleges that the Defendants' actions, particularly the management of FHFA's conservatorship of Fannie Mae, violated the Administrative Procedure Act ("APA") and reduced the value of Fannie Mae stock that Mr. Voacolo purchased in 2009. Among other requests for relief, Mr. Voacolo seeks $2,500,000 in money damages.

Defendants have moved to dismiss the Complaint on several grounds. Despite repeated reminders, Mr. Voacolo, who is now proceeding *pro se*, has not responded to the motions to dismiss. Mr. Voacolo has also failed to respond to other Court orders in this case. For the reasons explained below, Mr. Voacolo has conceded the motions to dismiss and the Court will therefore dismiss the Complaint.

## II.  BACKGROUND

Mr. Voacolo filed his Complaint in this Court on June 26, 2016.  *See generally* Compl., ECF No. 1.  Mr. Voacolo alleges that he purchased 64,000 shares of Fannie Mae stock in August 2009, less than a year after FHFA placed Fannie Mae into conservatorship following the housing crisis of 2008.  *Id.* ¶¶ 1–2.  In a nutshell, Mr. Voacolo argues that certain actions taken by Defendants in connection to FHFA's conservatorship of Fannie Mae violated the APA.  *Id.* ¶¶ 28–29 (citing 5 U.S.C. § 706(2)(A)).  Mr. Voacolo alleges that those actions "deprived" him "of his property" because they reduced "what his shares would otherwise be worth."  *Id.* ¶ 31.  Mr. Voacolo alleges that, but for the purportedly unlawful actions of Defendants, the shares that he purchased for $0.77 per share, *id.* ¶ 17, would now be valued at $35.00 per share, *id.* ¶ 30.  In the same count, Mr. Voacolo also asserts that the Defendants' actions violated his Fifth Amendment right to due process.  *Id.* ¶ 34.

At the time he filed his Complaint, Mr. Voacolo was represented by counsel.  *See id.* at 7–8.  The Complaint was signed by Alexander J. E. English, who was listed as "Counsel of Record," as well as Afia SenGupta and Angela Lipsman of Brus Chambers LLC, who were listed as "Of Counsel."  *Id.*  Neither Ms. SenGupta nor Ms. Lipsman indicated that they were members of the bar of this Court.  *Id.* at 8.

One month after the Complaint was filed, Mr. English moved for leave to withdraw as counsel.  *See generally* Mot. to Withdraw, ECF No. 4.  Mr. English provided documentary evidence supporting his contention that he was retained by Brus Chambers LLC to serve as local counsel in this case, but that he was never paid.  *Id.* ¶¶ 1–12; *see also id.* Exs. 1–3, ECF No. 4-1.  The Court ordered that "replacement counsel for Plaintiff shall enter an appearance on or before August 26, 2016," but that, "[a]t that time, Plaintiff shall proceed *pro se* unless and until he

obtains replacement counsel." Min. Order (Aug. 16, 2016). No replacement counsel has entered an appearance on behalf of Mr. Voacolo.

On August 10, 2016, before the Court addressed Mr. English's motion to withdraw, Defendants jointly filed a notice asserting that this case is related to three other cases in this district. *See* Defs.' Notice of Related Cases at 1, ECF No. 6. Those cases had previously been dismissed, *see Perry Capital LLC v. Lew*, 70 F. Supp. 3d 208 (D.D.C. 2014), and an appeal remains pending before the D.C. Circuit, *see* No. 14-5243 (D.C. Cir. filed Oct. 8, 2014). The Court ordered Mr. Voacolo to respond to Defendants' notice on or before August 26, 2016. *See* Min. Order (Aug. 16, 2016). Mr. Voacolo did not respond. On September 15, 2016, the Court again ordered Mr. Voacolo to respond to the notice. *See* Min. Order (Sept. 15, 2016). Again, Mr. Voacolo did not respond.

On September 20, 2016, Defendants moved to dismiss the Complaint. *See generally* Mot. Dismiss by U.S. Dept. Treasury, ECF No. 13; Mot. Dismiss by Fannie Mae & FHFA, ECF No. 14. Mr. Voacolo did not respond to the motions or request an extension of time to respond. *See* LCvR 7(b) (providing 14 days to "serve and file a memorandum of points and authorities in opposition to [a] motion"). On November 4, 2016, the Court issued a *Fox/Neal* order setting forth Mr. Voacolo's obligation to respond to the motions and advising Mr. Voacolo that the Court could treat the motions as conceded if Mr. Voacolo did not file a response. *See* Order, ECF No. 15; *see also Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam). The Court's order called for Mr. Voacolo to respond to the motions to dismiss by December 5, 2016. *See* Order at 2. To date, Mr. Voacolo has not requested additional time or responded to the motions in any way.

The Court ordered the parties to appear by telephone for a status conference scheduled for November 10, 2016. *See* Min. Order (Nov. 7, 2016). Both Ms. SenGupta and Mr. Voacolo called in to join the status conference. During the status conference, Ms. SenGupta stated that replacement local counsel would make an appearance before the Court soon after the call. The Court mentioned the *Fox/Neal* order and reminded Mr. Voacolo and Ms. SenGupta that Mr. Voacolo was obligated to respond to the motions to dismiss whether he was represented by counsel or not. At this time, no replacement counsel has appeared and Mr. Voacolo has not responded to the motions to dismiss.

**III. MR. VOACOLO HAS CONCEDED DEFENDANTS' MOTIONS TO DISMISS**

Under Local Civil Rule 7(b), if any party fails to file a response to a motion within the prescribed time, "the Court may treat the motion as conceded." LCvR 7(b). This rule "is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997)). In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the consequences of the failure to respond to a dispositive motion. *See also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Fox v. Strickland*, 837 F.2d at 509.

In *Cohen v. Board of Trustees of the University of the District of Columbia*, the D.C. Circuit recently raised some concerns with the interaction between Local Rule 7(b) and Federal Rule of Civil Procedure 12(b)(6). 819 F.3d 476 (D.C. Cir. 2016). Specifically, the *Cohen* court noted that certain applications of Local Rule 7(b) would shift the burden that Rule 12(b)(6)

places on the moving party. *Id.* at 481 ("To the extent that it allows a district court to treat an unopposed motion to dismiss as conceded, Local Rule 7(b) effectively places the burden of persuasion on the non-moving party: when he fails to respond, he loses."). The court also noted that applying Local Rule 7(b) to dismiss a case "risks circumventing the clear preference of the Federal Rules to resolve disputes on their merits." *Id.* at 482.

The court examined interpretations of similar local rules by other circuits and found a circuit split on the issue. *See id.* at 481–82 (collecting cases and determining that the majority of circuits "prohibit district courts from granting a motion to dismiss solely because the plaintiff failed to respond"). In a related vein, the D.C. Circuit has recently identified a similar tension between Local Rule 7(b) and Federal Rule of Civil Procedure 56 in the context of summary judgment. *See Winston & Strawn, LLP v. McLean*, No. 14-7197, 2016 WL 7174125, at *3 (D.C. Cir. Dec. 9, 2016) ("Local Rule 7(b) cannot be squared with Federal Rule of Civil Procedure 56."); *Grimes v. District of Columbia*, 794 F.3d 83, 95 (D.C. Cir. 2015) (discussing the need for the district court's independent assessment that summary judgment is warranted); *see also id.* at 97 (Griffith, J., concurring) ("[M]otions for summary judgment may not be conceded for want of opposition. . . . The burden is always on the movant to demonstrate why summary judgment is warranted.").

Despite these concerns, the court reaffirmed that, in the context of a motion to dismiss, it "[has] yet to deem a 'straightforward application of Local Rule 7(b)' an abuse of discretion." *Cohen*, 819 F.3d at 480 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d at 1294). In *Cohen*, the court acknowledged that its prior decisions required it to "affirm the district court's decision insofar as it granted the motion to dismiss the complaint." *Id.* at 483 (relying on *Fox v. American Airlines*). But the court decided that *Fox v. American Airlines* did *not* require it to

affirm the district court's decision to dismiss the complaint "*with prejudice* or to affirm the dismissal of the case." *Id.* (emphasis added). The court found that the facts of *Cohen* did not constitute a "straightforward" application of Local Rule 7(b). *Id.* In *Cohen*, the plaintiff "filed an opposition to the motion to dismiss, albeit a few weeks late, as well as an amended complaint," in an attempt to "remedy what the district court treated as his effective concession." *Id.* at 484. In contrast, the court described *Fox v. American Airlines* as a straightforward case, where "counsel had failed to respond *at all* to the motion to dismiss for the eight months that preceded the district court's dismissal of the complaint." *Id.* at 483.

      This case presents a "straightforward" situation in which to apply Local Rule 7(b). Although this litigation has not dragged on for eight months, Mr. Voacolo has repeatedly failed to respond to Defendants' filings and Court orders since August. Mr. Voacolo has yet to respond to Defendants' notice of related cases, despite two Court orders to do so. *See* Min. Order (Aug. 16, 2016); Min. Order (Sept. 15, 2016). Turning to the pending motions to dismiss at issue here, Mr. Voacolo has failed to respond for roughly 90 days. *See* Mot. Dismiss by U.S. Dept. Treasury (filed September 20, 2016); Mot. Dismiss by Fannie Mae & FHFA (same). During that time, the Court issued an order advising Mr. Voacolo of his obligation to respond to the motions or risk conceding them, *see* Order, ECF No. 15, and restated that obligation during a status conference. Mr. Voacolo has never requested additional time to respond.

      Despite raising concerns with Local Rule 7(b) in the context of a motion to dismiss, the D.C. Circuit held it had "that yet to deem a 'straightforward application of Local Rule 7(b)' an abuse of discretion." *Cohen*, 819 F.3d at 480 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d at 1294); *see also Stubbs v. Law Office of Hunter C. Piel, LLC*, No. 15-7149, 2016 WL 6237827, at *1 (D.C. Cir. Sept. 8, 2016) (unpublished per curiam opinion) (citing *Cohen* for the principle

that, where a party's "response to the motion to dismiss for failure to state a claim was unresponsive to the arguments raised in the motion," the district court "correctly concluded that the motion to dismiss was conceded pursuant to Local Rule 7(b)"); *Jordan v. Ormond*, No. 15-7151, 2016 WL 4098823, at *1 (D.C. Cir. July 22, 2016), *cert. denied*, (U.S. Nov. 28, 2016) (unpublished per curiam opinion) (citing *Cohen* in support of the conclusion that "the district court did not abuse its discretion in dismissing appellant's complaint pursuant to D.C. District Court Local Civil Rule 7(b)"). The Court finds that the facts of this case present a "straightforward" application of Local Rule 7(b) because Mr. Voacolo has not asked for additional time or filed any response to the motions to dismiss despite repeated warnings to do so.[1] Therefore, the Court will grant Defendants' motions to dismiss the Complaint as conceded.

## IV. CONCLUSION

For the reasons explained above, it is hereby:

**ORDERED** that the Motion to Dismiss by the United States Department of the Treasury (ECF No. 13) is **GRANTED AS CONCEDED**; and it is

**FURTHER ORDERED** that the Motion to Dismiss by Defendants Federal National Mortgage Association and Federal Housing Finance Agency (ECF No. 14) is **GRANTED AS CONCEDED**; and it is

[1] The Court also notes that, while Mr. Voacolo is formally proceeding *pro se*, Min. Order (Aug. 16, 2016), Ms. SenGupta has signed pleadings on Mr. Voacolo's behalf and participated in a telephonic status conference.

**FURTHER ORDERED** that the Complaint and this civil action are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Dated:  December 19, 2016                                                             RUDOLPH CONTRERAS
                                                                                                            United States District Judge